[L. A. No. 14037. In Bank.—March 7, 1933.]

GLADYS R. WHITE, Appellant, v. S. W. VIALL et al., Respondents.

William T. Kendrick, Jr., and William T. Kendrick for Appellant.

Young, Lillick, Olson, Graham & Kelly for Respondents.

THE COURT.—Plaintiff purchased from defendant Viall a residence lot in Beverly Hills, received a deed therefor and entered into possession of the same. The purchase price was paid in the following manner: $2,850 cash, a note secured by deed of trust on the property for $6,625, and the balance by the assumption of an existing mortgage on the property. The transaction was fully executed by both of the parties. Plaintiff defaulted in her payments on the note secured by deed of trust. Her default was declared and a sale had of the property, at which defendant Viall became the purchaser. He later conveyed the property to Edward R. Young, Incorporated. Defendant Farmers and Merchants National Bank of Los Angeles was the trustee under the deed of trust. Plaintiff brought an action to cancel the deed made by the trustee on the ground that it had not observed the necessary legal requirements to constitute a valid sale. Edward R. Young, Incorporated, cross-complained to quiet title against plaintiff and her husband. The issues tendered by both the complaint and the cross-complaint were traversed and the cause was brought to trial. Findings and judgment were rendered against plaintiff and in favor of the cross-complainant. Plaintiff alone lodged a judgment-roll appeal in this court, claiming that the transaction consisted of an executory contract to buy and sell, of which the deed was but an incident. Plaintiff contended that a suit in equity was the only remedy open upon her default in the premises.

Inasmuch as the transaction was fully executed, the deed of trust became an independent document and therefore subject to foreclosure proceedings in the usual manner.

The judgment is affirmed.